The Court delivered an opinion in writing, which, after a recital of the case, proceeded :
On the first objection contained in the first assignment of error, it will be sufficient to remark, that it has been heretofore decided by this court* that a chancery cause is within the provisions of the law authorising a change of venue; and the court cannot now discern any reason of sufficient weight to impugn the decision.†
The objections to the petition and affidavit thereto, have produced considerable difficulty : but the court is. strongly impressed that the objections cannot now be regarded. After the change of venue to the Adair circuit court, the complainant went on twice to trial in that court, without making any objection to the jurisdiction. After this, it seems to this court the objection comes too, late ; and that it would be doing great injustice, to turn the parties round, °n an objection of this kind, after incurring so much expence and trouble; which might have been avoided by making the objection in proper time. The objections to the petition and affidavit, are, in. their nature and the reason of the thing, like a plea to the jurisdiction of th,e circuit court of Adair: and the complainant ought to have taken advantage of them at her first appearance in that court, by moving the court of Adair to remove the cause to Wayne ; and having failed to do so, she has admitted the jurisdiction of the court*
*159 It is a general rule or principle of the common law, that every order or proceeding of a judge, made at his chambers, out of court, is subject to be judged of, corrected, and, if illegal, controled by the court into which such order or proceeding, or the cause in which it is made, is returned. And although the act of assembly is silent as to a suit illegally removed, the defect is helped by this rule of the common law; which comes in aid of the statute ; and clearly conferred on the Adair circuit court the power of deciding on the face of the proceedings, whether the cause had been legally removed into that court or not. Many examples might be given establishing the propriety and necessity of this power; but one shall suffice. Suppose the messenger employed by the clerk, who is bound to transmit the papers, shotlld, through mistake, carry the papers to a different court from that to which the venue was changed, and the cause should be there docketed ; can it be doubted but that that court, upon application, would refuse to try the cause, and would remand it or direct it to be sent to the proper court.
It would seem a very extraordinary exercise of the appellate jurisdiction of this court, to reverse a judgment or decree of the circuit courts for irregularity in an order made in the progress of the cause by the judge, out of court, which might have been corrected in that court; but which was not corrected, because the party chose not to apply for redress. The exercise Of such a power by this court, would, in the general, be highly inconvenient and mischievous.
From this view of the subject, it will not be necessary for the court to determine whether the objections to the petition and affidavit are well founded or not.
This court is of opinion the circuit court erred, for the reasons alleged in the second and fourth assignments of error.
This being a chancery cause, in which every thing appears in the record, the setting aside the first finding oí the jury is clearly distinguishable from the granting a new trial at law. There it is impossible for this court to see whether the verdict given, was authorised by the evidence submitted to the jury or not ; or whether it was consistent with, or contrary to the j ustice of the ■case. And as the judge has a controling power over *160 the jury, in granting a new trial, for attaining the ends of justice, this court bqing wholly uninformed on the subject, will presume he has properly exercised his power, unless the contrary appears. But here the whole evidence which was before the jury, appears in the record, so as to enable this court to determine whether the finding of the jury was supported by the proof and the justice of the case. Upon the merits of the question we have all the rights he had ; and therefore, the necessity of the case does not require us to presume so much in his power.
This court, on a mature consideration of the depositions filed in the cause, are clearly of opinion that the first finding of the jury was fully supported by the proofs in the cause, and perfectly consistent with the justice of the case.
This, then, being a chancery cause, in which every thing ought, and does usually appear in the record, it became the duty of the judge, when setting aside such a verdict, to shew, of record, the cause for setting it aside. Not having done this, the proceedings must be deemed erroneous ; and consequently the second trial, and the decree of dismission subsequent thereto, must be reversed and set aside.
It will be unnecessary for this court now to give any opinion on the third error assigned, as every proceeding in the cause subsequent to the first finding of the jury, is deemed irregular and erroneous.
Therefore, it is considered by the court, that the decree aforesaid be reversed, with costs ; that the cause be remanded to the court from whence it came, with directions to said court to enter up a decree for the complainant on the first verdict, unless the defendant shall shew some sufficient cause, to be stated on the record by the court, for setting it aside.

 Woods vs. Fayette circuit court, on a mandamus, fpring term l$o6.

 Same point decided in the cafe of Woods vs. Patrick and wife, Spring term. 1808.